IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:07CV1411 HEA |
| | ) | |
| GLAXOSMITHKLINE, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 6], for failure to state a cause of action. Plaintiff has not responded to the Motion in accordance with the Court's Local Rules. For the reasons set forth below, the Motion is granted.

## **Facts and Background**

Plaintiff filed this action against Defendant alleging age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*("ADEA"). The Complaint alleges that Plaintiff was not given adequate training. Plaintiff contends that Defendant conspired against him in not providing this training in order to terminate his employment. Further, the Complaint alleges that prior to the week of his termination, Plaintiff's replacement began working for Defendant and that the new employee appeared to be in his early twenties. Plaintiff

states that the alleged discriminatory conduct occurred between January 23, 2006 and June 7, 2006, when his employment was terminated. The Complaint sets forth that Plaintiff's date of birth is October 21, 1966.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the

plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

## Discussion

The ADEA makes it unlawful for an "employer" "to discharge any individual" who is at least forty years old "because of such individual's age." 29 U.S.C. §§ 623(a), 631(a). To raise a prima facie case of age discrimination under the ADEA, an employee must allege he (1) was at least forty years old, (2) suffered

an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger. *Morgan v. A.G. Edwards & Sons, Inc.,* 486 F.3d 1034 (8th Cir.2007). Plaintiff's Complaint alleges that his date of birth is October 21, 1966; his employment was terminated June 7, 2006, when Plaintiff was thirty nine years old. Thus, Plaintiff has failed to allege that he was forty years old at the time of the alleged discriminatory treatment and termination. He has therefore failed to state an ADEA claim.

## Conclusion

Based upon the foregoing, the Motion to Dismiss is well taken. Plaintiff has failed to satisfy the pleading requirements set forth in *Twombly*, and has therefore failed to state a claim for which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. 6], is GRANTED.

**IT IS HEREBY FURTHER ORDERED** that this matter is dismissed.

Dated this 19th day of November, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE